# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LUIS N. GONZALES,

    Petitioner,

v.                                                                              No. CV 10-469 JB/GBW

ERASMO BRAVO, et al.,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me on Petitioner Luis N. Gonzales' Application for a Writ of Habeas Corpus filed May 17, 2010 and on the Court's Order requiring me to "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." *Docs. 1, 5*. Mr. Gonzales "challeng[es] the finding of guilty institution disciplinary report" and the denial of his petition by the Fourth Judicial District Court and the New Mexico Supreme Court. *Doc. 1*. I have carefully considered the record of the criminal proceedings and the parties' arguments. The matter is fully briefed and ready for ruling. Because the record conclusively establishes that Mr. Gonzales is not entitled to relief, an evidentiary hearing is not necessary.[1] I recommend that the Petition be denied

---

[1] Rule 8(a), RULES GOVERNING SECTION 2254 PROCEEDINGS FROM THE UNITED STATES DISTRICT COURTS ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule

1

for the reasons set forth herein.

## Background

In February 2007, Gonzales was convicted for trafficking heroin and was sentenced to ten years incarceration. *See Doc. 10* at 2; *see Doc. 10-1* at 2.[2] On October 11, 2007, prison officials ordered Gonzales to submit to a drug test via urinalysis. *See Doc. 1* at 1-2. The urine sample tested positive for opiates. *See Doc. 10-1* at 3-4. Gonzales asserts that he "demanded that the test be sent to a lab for confirmation." *Doc. 1* at 2. He contends that Sergeant R. Condarco responded: "if you send for confirmation I will place you in lock-up," to which Gonzales replied, "do what you have to do." *Id.* Gonzales claims he was then placed in lock-up. *Doc. 1* at 2.

On October 12, 2007, as a result of the urinalysis, Gonzales was charged with disciplinary misconduct, specifically possession or use of dangerous drugs. *See Doc. 1* at 1; *Doc. 10-1* at 3. Gonzales signed the Disciplinary Findings and Recommendations, which set forth the date of his hearing. *Doc. 10-1* at 12. The hearing was held on October 19, 2007. *Id.* at 4. The record shows that, on that date, Gonzales waived his right to appear at the

---

7 to determine whether an evidentiary hearing is warranted."). The defendant bears the burden of proving the necessity of an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). Mr. Gonzales has not established a need for a hearing.

[2] Exhibits to Respondents' Answer, which are filed as one attachment to the Answer, will be cited as *Doc. 10-1* and the pinpoint cite will refer to the page number of the attachment rather than the exhibit designation.

hearing and to have a staff member or other inmate assist him with the matter. *Id.* at 10-12.

The hearing officer found Gonzales guilty and imposed twenty days of disciplinary segregation, twenty days loss of good time and twenty days commissary restriction. *Id.* at 13. In making his determination, the hearing officer used Gonzales' failure to appear at that hearing as further evidence of his guilt. *Id.* On October 29, 2007, Gonzales signed an acknowledgment that he was advised of the decision and had a right to appeal that decision. *Id.* at 14. Gonzales asserts that he appealed that decision. *Doc. 1* at 2.[3]

On March 17, 2010, Gonzales filed a state petition for writ of habeas corpus in the Fifth Judicial District, Lea County, New Mexico. *Doc. 10-1* at 15. The matter was transferred to the Fourth Judicial District, Guadalupe County, New Mexico. The state habeas petition was summarily denied. *Id.* at 20. Gonzales then filed a petition for writ of certiorari in the New Mexico Supreme Court. *Id.* at 21. The petition for writ of certiorari was also denied. *Id.* at 26. In the state habeas proceedings, Gonzales asserted that his right to due process was violated in the disciplinary process because prison officials allegedly (1) refused to perform a confirmation test on his urine sample; (2) failed to respond to his internal appeal of the disciplinary action; (3) falsified documents relating to his disciplinary hearing; and (4) denied him the right to present witnesses at the hearing. *See id.* at 17, 21-

---

[3] Gonzales did not provide any copies of his appeal documents and the Respondents were unable to find any appeal documents in Gonzales' internal file. *See Doc. 1* at 2; *Doc. 10* at 4.

25.

On May 17, 2010, Gonzales filed his federal Petition and raised the same issues. The only exhibit attached to the Petition is a form relating to the request for the confirmation test. Gonzales claims the exhibit shows that he did make the request and it was doctored after the fact to show the opposite. *Doc. 1 at 6.*

On May 26, 2010, I ordered the Respondents to answer the Petition and to advise whether Gonzales has exhausted his state-court remedies as to the issues raised in the federal petition. *Doc. 7.* On June 28, 2010, Respondents filed their Answer and included a motion to dismiss with supporting exhibits. *Doc. 10.* On July 7, 2010, Gonzales responded to the Motion to Dismiss. *Doc. 12.* On August 13, 2010, I filed an Order notifying the parties that I was construing the Motion to Dismiss as a Motion for Summary Judgment because of the supporting exhibits. *Doc. 13.* As a result, I allowed Gonzales to file an additional Response if he so wished. *Id.* He did so, but presented no additional evidence material to his claims. *Doc. 15.* Respondents filed a Reply which reiterated their position that Gonzales' Petition should be dismissed. *Doc. 16.*

## Standard for Analysis

Gonzales' §2254 petition will be construed as one brought under 28 U.S.C. §2241 because the petition challenges only the execution of petitioner's sentence, rather than the fact of his conviction. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th

Cir. 1997) (§2241 petitions are used to challenge the execution of a sentence, including "deprivation of good-time credits"). Nonetheless, the deferential standard of §2254(d) still applies as Gonzales' challenge was first heard in a state habeas petition. *See Brown v. Ulibarri*, No. 07-2124, 2008 WL 4739016, *2 (10th Cir. Oct. 30, 2008) (citing and applying the 28 U.S.C. § 2254(d) deferential standard of review to state prisoner's challenge under § 2241 to state court decisions regarding withholding and forfeiture of good time credits); *Preble v. Estep*, No. 06-1195, 2006 WL 2212686, *2 (10th Cir. Aug. 4, 2006) (applying deferential standard in 28 U.S.C. § 2254(d) to a state prisoner's habeas petition under 28 U.S.C. § 2241 challenging a disciplinary conviction); *Branham v. Workman*, No. 05-6222, 2006 WL 950656, *1 ("applying the deferential standard required by 28 U.S.C. § 2254(d), (e)(1)" in a habeas petition arising under § 2241 for a disciplinary conviction); *Aquiar v. Tafoya*, No. 02-2348, 2004 WL 848417, *1 (10th Cir. Apr. 21, 2004) (in habeas petition under § 2241 challenging disciplinary conviction stating that the applicable standard is "set forth under 28 U.S.C. § 2254(d)"); *see also Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) discussing comity and deference concerns in the context of § 2241); *Watters v. Ray*, No. 04-7122, 2006 WL 895238, *3 n.1 (10th Cir. Apr. 6, 2006) (noting agreement with the district court's determination that the standard in 28 U.S.C. § 2254(d)(1) would apply, in the absence of a procedural default, to a state inmate's habeas petition under § 2241 for a challenge to a disciplinary conviction).

Title 28 U.S.C. § 2254(d) provides that an application for a writ of habeas corpus shall not be granted with respect to any claim "adjudicated on the merits" in state court proceedings unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Although Gonzales' state petition was denied summarily, the Supreme Court has made clear that "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication . . . to the contrary." *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). As the Court explained, "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Id.* at 785. As there is no indication to the contrary in the instant case,[4] the state court's decision denying Gonzales' claim is deemed to have been made on the merits and is entitled to § 2254(d) deference. Therefore, Gonzales' burden "must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. at 784.

Gonzales, in effect, argues that the state-court adjudication was contrary to federal

---

[4] Gonzales claims that the state court "summarily denied Petitioner[']s motion for writ of habeas corpus on the ground that Petitioner failed to attach record of prior proceedings, any attachments or exhibits." However, nothing in the record supports the claim that the state court denied his petition for that reason.

law because he was not afforded due process in prison before his liberty interest was taken. The cornerstone of due process is the right to notice and meaningful opportunity to be heard. *See Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). Prison disciplinary proceedings, however, are unlike criminal prosecutions. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Where a revocation of good time credits, and therefore a liberty interest, is involved, a petitioner has limited due-process rights. *See id*. at 556-557. An inmate need only be provided with advance notice and a limited opportunity to call witnesses and present evidence in his defense before a written statement of the reasons for the decision and the evidence upon which it is based is provided. *See id.* at 564-66. In addition to these procedural requirements, due process requires that the disciplinary sanction must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Gonzales' claims implicate only the due process right to notice and the opportunity to be heard, and the "some evidence" requirement.

### A. Notice and Opportunity to be Heard

With respect to the notice and opportunity to be heard, the state court's rejection of Gonzales' claim was not an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d). To support a factual finding that Gonzales received both notice and an opportunity to be heard, the state court had the following evidence:

7

(1)  Form CD-090501.3 – By this document, Gonzales was informed that he could request a confirmation test be performed on his urine sample which had tested positive. *Doc. 10-1* at 5.  The document, which indicated that he was not requesting a confirmation test, was signed by Gonzales on October 11, 2007.  *Id.*  Although Gonzales claims that he requested the confirmation test, it would not be unreasonable for the state court to find this fact against him.[5]

(2)  Form CD-090101.2 – This investigation report reflects that, on October 16, 2007, Gonzales was informed of the charge against him (Possession or Use of Dangerous Drugs). *Id.* at 9.  The report indicates that Gonzales was not in pre-hearing detention.[6]  *Id.*  The report also indicates that Gonzales identified two fellow inmates, Caleb Rogers and Edward Hernandez, as witnesses.  *Id.*

(3)  Standard Witness Statement (Caleb Rogers) – It appears from this document

---

[5] On this point, the Court recognizes that the form shows a scratched-out checkmark in the space where one requests the confirmation test.  One possible explanation is the one provided by Gonzales – that a prison official doctored the form after Gonzales requested the confirmation test and signed the document.  However, another possible explanation is that Gonzales changed his mind after realizing that he would have to pay for the test.  In fact, the Court notes that, when an inmate requests the confirmation test, the inmate must sign a "debit memo" which authorizes the costs of the confirmation test to be deducted from the inmate's account.  The lack of this debit memo from the record would support a finding that Gonzales did not request the confirmation test.  In any event, one cannot say that the state court would be unreasonable in finding that Gonzales did not make the request for the confirmation test.

[6] As does Gonzales in his pleadings, the form refers to pre-hearing detention as "PHD."  *See e.g. Doc. 12* at 3.

that, after being identified as a witness by Gonzales, Rogers was approached to make a written statement for the pre-hearing investigation. *Id.* at 8. In his statement, Rogers claimed that he had been nearby when Gonzales' urine sample was taken. *Id.* Rogers also stated that he saw the prison officials "take pics of his tattoos and then tell him something about them." *Id.* The statement appears to be signed by Rogers.

(4) Standard Witness Statement (Edward Hernandez) – It appears from this document that, after being identified as a witness by Gonzales, Hernandez was approached to make a written statement for the pre-hearing investigation. *Id.* at 7. The document states that Edward Hernandez "denied to make statement." The document is unsigned.

(5) Form CD-090101.3 – This document chronicles the recommendation by the disciplinary officer that a "major level hearing" be held on the charge against Gonzales. The document, which is signed three times by Gonzales, indicates that he (a) received a copy of "all Disciplinary material" on October 17, 2007; (b) was notified that he had "the right and are to appear before the Disciplinary/Hearing Officer on: Date: 10-19-07 / Time: After: 0830 / Location: DHO"; (c) selected to "hereby waive the right to appear." *Id.* at 12.

(6) Form CD-090101.4 – This document is the summary of evidence and proceeding at Gonzales' "major level hearing." *Id.* at 10. It reflects that the "hearing was conducted in the absence of Inmate Gonzales, as he waived his right to appear before the Hearing Officer. Two (2) staff signature is [sic] attached to attest to this waiver." *Id.* The document

9

also reflects that the "Hearing Officer conducted a thorough review of all documentation and evidence submitted in this case." *Id.* It appears from the record that such documentation would include the Standard Witness Statements from Rogers and Hernandez. *See id.* at 7-8.

(7) Form CD-090101.6 – This document has two signatures under the section "Refusal to Appear" which reads as follows: "Two staff signatures below indicate that the inmate was called to report to his/her Disciplinary Hearing by the Hearing Officer and he/she refused to appear." *Id.* at 11.

(8) Form CD-090101.5 – This document is the Disciplinary Decision in Gonzales' case. It reflects that "Inmate's decision not to appear before the Hearing Officer is being used as furthering evidence of guilty." *Id.* at 13.

For his part, Gonzales contends that "the Disciplinary Report falsely states that this inmate refused to appear at hearing." *Doc. 1* at 2. He claims that he was placed in "Pre-Hearing Detention" and "could not just walk to disciplinary hear[ing]." *Doc. 1* at 3. Gonzales also contends that the prison "refus[ed] to allow him a representative at [the] hearing." *Doc. 1* at 3.[7] With respect to the fact that he signed the notification of the hearing

---

[7] However, it appears that his selected representative, Donald Bishop, also signed the waiver of the right to appear. *See Doc. 10-1* at 12. Gonzales also asserts that "[n]obody signed witness of waiver." *Doc. 12* at 3. Nevertheless, the Supplemental Signature Form contains two staff signatures confirming that Gonzales was called to report to his hearing but he refused to appear. *Doc. 10-1* at 10-11.

10

date and time, he claims that "he was led to believe he was signing post-ponement." *Doc. 12* at 3.[8]

Despite Gonzales' claims that he did not receive notice of the hearing and did not have opportunity to be heard, given the documentation described above, the state court's rejection of these claims was not an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

### B. "Some Evidence Requirement"

As noted above, in addition to the procedural requirements, due process demands that the disciplinary sanction must be supported by "some evidence in the record." *Hill*, 472 U.S. at 455-56. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead the relevant conclusion is whether there is any evidence that could support the conclusion reached by the disciplinary board. *Id.* "The decision can be upheld even if the evidence supporting the decision is 'meager.'" *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (quoting *Hill*, 472 U.S. at 457).

The record reflects that a urine sample taken from Gonzales on October 11, 2007, by

---

[8] There is no text on the document indicating that it was for a postponement of the hearing and Gonzales has not explained why he thought his hearing was being postponed. Moreover, Gonzales signed the form three times and it is unclear to which signature he is referring.

SGT R. Condarco tested positive for opiates using a "Pharmatech Quick Screen Urinalysis Test Cup." Even assuming Gonzales requested a confirmation test which was not conducted, it cannot be said that Gonzales' disciplinary sanction was not supported by "some evidence in the record." *Hill*, 472 U.S. at 454.

## Conclusion

While Gonzales disputes a number of the facts as presented by Respondents, I find no reason to conclude that the state court's adjudication of this issue resulted in a decision that was contrary to, or involved in an unreasonable application of, clearly established federal law or that it is was based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d).

Wherefore, **IT IS HEREBY RECOMMENDED** that Respondent's motion for summary judgment be granted and Gonzales' Petition be dismissed.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE