IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS N. GONZALES,

        Petitioner,

v.                                                                                                  No. CIV 10-0469 JB/GBW

ERASMO BRAVO, ATTORNEY
GENERAL FOR THE STATE
OF NEW MEXICO,

        Respondents.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND
ADOPTING THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon de novo review of: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 25, 2011 (Doc. 17)("PFRD"); and (ii) the Plaintiff's Objections, filed March 10, 2011 (Doc. 18)("Objections"). See Garcia v. City of Albuquerque, 232 F.3d 760, 766-67 (10th Cir. 2000).  For the reasons given below, the Court agrees with the Honorable Gregory B. Wormuth, United States Magistrate Judge's reasoning, overrules Plaintiff Luis N. Gonzales' objections, and adopts the PFRD.

**FACTUAL BACKGROUND**

In February 2007, Gonzales was convicted for trafficking heroin and was sentenced to ten years incarceration.  See Respondents' Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) at 2, filed June 28, 2010 (Doc. 10)("Answer"); Judgment and Sentence at 2, filed June 28, 2010 (Doc. 10-1).  On October 11, 2007, prison officials ordered Gonzales to submit to a drug test via urinalysis.  See Petition at 1-2, filed May 17, 2010 (Doc. 1).  The urine sample tested positive for opiates.  See New Mexico Correction Department Inmate Misconduct Report, filed June 28,

2010 (Doc. 10-1 at 4). Gonzales asserts that he "demanded that the test be sent to a lab for confirmation." Petition at 2. He contends that Sergeant Condarco responded: "[I]f you send for confirmation I will place you in lock-up," to which Gonzales replied, "do what you have to do." Petition at 2. Gonzales alleges that he was then placed in lock-up. Petition at 2.

On October 12, 2007, as a result of the urinalysis, Gonzales was charged with disciplinary misconduct, specifically, possession or use of dangerous drugs. See Petition at 1; New Mexico Correction Department Inmate Misconduct Report at 3. Gonzales signed the Disciplinary Findings and Recommendations, which set forth the date of his hearing. See Disciplinary Findings and Recommendation, filed June 28, 2010 (Doc. 10-1 at 12). The hearing was held on October 19, 2007. See Disciplinary Findings and Recommendation at 1. The record shows that, on that date, Gonzales waived his right to appear at the hearing, and to have a staff member or other inmate assist him with the matter. See Disciplinary Summary of Evidence and Processing, filed June 28, 2010 (Doc. 10-1 at 10); New Mexico Corrections Department Supplemental Signature Form, filed June 28, 2010 (Doc. 10-1 at 11); Disciplinary Findings and Recommendation at 1.

The hearing officer found Gonzales guilty, and imposed twenty days of disciplinary segregation, twenty days loss of good time, and twenty days commissary restriction. See Disciplinary Decision, filed June 28, 2010 (Doc. 10-1 at 13). In making his determination, the hearing officer used Gonzales' failure to appear at that hearing as further evidence of his guilt. See Disciplinary Decision at 1. On October 29, 2007, Gonzales signed an acknowledgment that he was advised of the decision and had a right to appeal that decision. See Disciplinary Decision at 2. Gonzales asserts that he appealed that decision. Petition at 2.[1]

---

[1] Gonzales did not provide any copies of his appeal documents and the Respondents were unable to find any appeal documents in Gonzales' internal file. See Petition at 2; Answer at 4.

On March 17, 2010, Gonzales filed a state petition for writ of habeas corpus in the Fifth Judicial District, Lea County, New Mexico. Petition for Writ of Habeas Corpus, filed June 28, 2010 (Doc. 10-1 at 15). The matter was transferred to the Fourth Judicial District, Guadalupe County, New Mexico. The state habeas petition was summarily denied. See Petition for Writ of Habeas Corpus, filed June 28, 2010 (Doc. 10-1 at 20). Gonzales then filed a petition for writ of certiorari in the Supreme Court of New Mexico. See Petition for Writ of Habeas Corpus, filed June 28, 2010 (Doc. 10-1 at 21). The Supreme Court of New Mexico denied the petition for writ of certiorari. See Order, filed June 28, 2010 (Doc. 10-1 at 26). In the state habeas proceedings, Gonzales asserted that his right to due process was violated in the disciplinary process, because prison officials allegedly: (i) refused to perform a confirmation test on his urine sample; (ii) failed to respond to his internal appeal of the disciplinary action; (iii) falsified documents relating to his disciplinary hearing; and (iv) denied him the right to present witnesses at the hearing. See Petition for Writ of Habeas Corpus at 3-5.

## PROCEDURAL BACKGROUND

On May 17, 2010, Gonzales filed his federal Petition and raised the same issues that he had raised in his state habeas petitions. The only exhibit attached to the Petition is a form relating to the request for the confirmation test. Gonzales contends that the exhibit shows that he made the request and that it was doctored after the fact to show the opposite. See Petition at 6.

On May 26, 2010, Judge Wormuth ordered the Respondents to answer the Petition and to advise whether Gonzales had exhausted his state-court remedies as to the issues raised in the federal petition. See Order to Answer, filed May 26, 2010 (Doc. 7). On June 28, 2010, the Respondents filed their Answer and included a motion to dismiss with supporting exhibits. See Doc. 10. On July 7, 2010, Gonzales responded to the Motion to Dismiss. See Doc. 12. On August 13, 2010, Judge

Wormuth filed an Order notifying the parties that he was construing the Motion to Dismiss as a Motion for Summary Judgment because of the supporting exhibits. See Order, filed August 13, 2010 (Doc. 13). As a result, Gonzales was allowed, if he so wished, to file an additional Response. He filed an additional response, but presented no additional evidence material to his claims. See Response, filed August 24, 2010 (Doc. 15). Respondents filed a Reply which reiterated their position that the Court should dismiss Gonzales' Petition. See Respondent's Reply, filed September 2, 2010(Doc. 16). On February 25, 2011, Judge Wormuth issued his PFRD recommending dismissal of the petition, and on March 10, 2011, Mr. Gonzales filed his Objections.

Gonzales's Objections span one paragraph, wherein he asserts that he no longer seeks redress: "I Gonzales want the Court to know that their decision. Has no merit on my restoration of Good Time. I have Already earned my restoration of Good Time. This Motion is just to document that my Constitutional Right were violated." Objections at 1 [sic throughout]. Nevertheless, Gonzales "object[s] to the Courts making Assumption." Id. [sic]. Specifically, he objects to the Court's assumption: (i) "[t]hat the Dept. Of Correction follow their own rule's and regulation," and (ii) "that one signs a debit memo when sending test sample for confirmation. When in fact only if the test comes back positive from lab inmate pays for it." Objections at 1 [sic].

## **ANALYSIS**

The Court is concerned that Gonzales' Objections are moot. The Court does not have jurisdiction to decide constitutional issues when the alleged violations has ceased. Thus, the Court will dismiss Gonzales' petition as Judge Wormuth recommended, but because the Court lacks jurisdiction to decide hypothetical issues, the Court will dismiss the petition without prejudice.

I.  **GONZALES HAS WAIVED REVIEW OF JUDGE WORMUTH'S ASSUMPTION THAT THE DEPARTMENT OF CORRECTIONS FOLLOWS ITS OWN RULES AND REGULATIONS.**

Gonzales' objection is not detailed enough to allow for judicial review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1060 (10th Cir. 1996).  Gonzales does not state which rule or regulation the prison does not follow.  He does not say what factual events -- or lack thereof -- demonstrate that the prison has not or did not follow the relevant rule/regulation.  He does not say what part of the PFRD indicates that Judge Wormuth relied on that false assumption.  Because Gonzales has not sufficiently fleshed out his objection, the Court finds it waived.  "The objections must be specific enough to focus the district court's attention on the factual and legal issues in dispute."  Persik v. Colorado State University, 60 F. App'x 209, 210-11 (10th Cir. 2003)(citing United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996)).

While Gonzales' failure to object waives his right to the Court's review, the Court nonetheless has a right to review a PFRD to which no objections have been lodged if the interests of justice so demand.  See United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d at 1060 ("The waiver rule as a procedural bar need not be applied when the interests of justice so dictate."  (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."  (citations omitted))).  Cf. Thomas v. Arn, 474 U.S. 140, 154

(1985)(noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  The Court has carefully reviewed the PFRD and the parties' briefing, and the Court does not believe that the interests of justice counsel that the court should not follow the waiver rule.  Indeed, Gonzales' motions suggest that the Court should not go further than Judge Wormuth.

## II.     THE COURT CANNOT SAY THAT JUDGE WORMUTH'S ASSUMPTION "THAT ONE SIGNS A DEBIT MEMO WHEN SENDING TEST SAMPLE FOR CONFIRMATION" IS WRONG.

Judge Wormuth referenced the debit memo procedure in a footnote to the discussion of one of the eight pieces of evidence he found that supported the conclusion that the state court's implicit finding -- that Gonzales had enough notice and opportunity to be heard to satisfy due process -- was a reasonable determination of the facts in light of the evidence presented in the state court proceeding.  See Objections at 8.  The debit memo procedure related to whether the state court could have reasonably concluded that Gonzales had not requested a confirmation test.  Specifically, Judge Wormuth explained as follows:

> [A]nother possible explanation is that Gonzales changed his mind after realizing that he would have to pay for the test.  In fact, the Court notes that, when an inmate requests the confirmation test, the inmate must sign a "debit memo" which authorizes the costs of the confirmation test to be deducted from the inmate's account.  The lack of this debit memo from the record would support a finding that Gonzales did not request the confirmation test.  In any event, one cannot say that the state court would be unreasonable in finding that Gonzales did not make the request for the confirmation test.

PFRD at 8.

When giving deference to a state court habeas decision that is lean on reasoning, federal courts are to consider any arguments or theories that may have supported the state court's decision.

-6-

See Harrington v. Richter, 131 S. Ct. 770, 786 (2011)("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision."). Judge Wormuth's comment about the lack of a debit memo was in accordance with this standard.

Form CD-090501.3 is contained within Exhibit C to Defendants' Answer to the Petition. See Doc. 10-1 at 5. By that form, Gonzales was informed that he could request a confirmation test for his urine sample that had tested positive for opiates. See Form CD-090501.3 at 1. It further informed him that "[t]he inmate will incur all costs of the confirmation test, if the results are positive and must sign a debit memo to that effect <u>at the time of the request.</u>" Form CD-090501.3, at 1 (emphasis added). By its terms, the form requires that a debit memo be completed when the confirmation test is requested. Gonzales is correct that the form requires payment only "if the results are positive." Nonetheless, if the requirement as described by the form is followed, the absence of a debit memo would support the conclusion that a request was not made. Importantly, in a habeas claim which the state court has denied, the federal Court is not determining facts on a clean slate. Instead, the Court must determine if the state courts determination of the facts was unreasonable in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d). In such a posture, Judge Wormuth's inference from the evidence presented at the state court proceeding was appropriate. Consequently, this objection is overruled.

**IT IS ORDERED** that: (i) the Plaintiff's Objections, filed March 10, 2011 (Doc. 18), are overruled; (ii) the Magistrates Judge's Proposed Findings and Recommended Disposition is adopted in part; and (iii) the case is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Luis N Gonzales
Springer Correctional Center
Springer, New Mexico

      *Plaintiff pro se*

Gary King
  Attorney General for the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

      *Attorney for the Defendants*